USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  7/8/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                               :
   UNITED STATES OF AMERICA,                                   :
                                                               :
                                                               :          1:10-cr-464-GHW
                                                               :
          -against-                                            :
                                                               :          MEMORANDUM OPINION &
                                                               :               ORDER
   SAIMIR KRASNIQI and BRUNO KRASNIQI,          ::
                                                               :
                                       Defendants.  X
-------------------------------------------------------------
GREGORY H. WOODS, United States District Judge:

## I.      INTRODUCTION

On May 31, 2022, Magistrate Judge Gabriel Gorenstein issued a report and recommendation

recommending that the Court deny the petition for a writ of habeas corpus filed by petitioners

Bruno and Saimir Krasniqi.  Dkt. No. 560 (the "R&R").  The Court assumes the reader's familiarity

with the R&R and the procedural history of this case, which is laid out in the R&R.  The petitioners

filed their objections to the R&R on June 14, 2022.  Dkt. No. 561 (the "Objections").  The

Objections present two basic arguments:  First, that the R&R erred because the "Second Circuit has

never extended the concurrent sentence doctrine to consecutive sentences."  Objections at 2.  And,

second, the Objections contend that the R&R erred because it relied "almost on procedural

gatekeeping principles" and "spent virtually no time discussing the considerations raised by

Petitioners."  *Id.* at 10.  Because neither objection has merit, the Court adopts the thoughtful and

well-reasoned R&R in full.  The Court also discusses a procedural irregularity in this petition—

namely, the petitioners' election to include claims in the habeas petition that were not included in the

application for a second or successive habeas petition vetted by the Second Circuit.

## II.     LEGAL STANDARD

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  Parties may raise specific, written objections to the report and recommendation within fourteen days of receiving a copy of the report.  *Id.*; *see also* Fed. R. Civ. P. 72(b)(2).

When a party timely objects to a magistrate's report and recommendation, a district court reviews *de novo* "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).  But where "the party makes only frivolous, conclusory or general objections, or simply reiterates her original arguments, the Court reviews the report and recommendation only for clear error." *Chen v. New Trend Apparel, Inc.*, 8 F. Supp. 3d 406, 416 (S.D.N.Y. 2014) (quoting *Silva v. Peninsula Hotel*, 509 F. Supp. 2d 364, 366 (S.D.N.Y. 2007)). "Further, the objections 'must be specific and clearly aimed at particular findings in the magistrate judge's proposal.'" *McDonaugh v. Astrue*, 672 F. Supp. 2d 542, 547 (S.D.N.Y. 2009) (quoting *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)).  The Court also reviews for clear error those parts of the report and recommendation to which no party has timely objected.  28 U.S.C. § 636(b)(1)(A); *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008).

## III.     DISCUSSION

### a.   Claim Under *Davis* as to Convictions under 18 U.S.C. § 924(c)

The first objection presented by the petitioners lacks all merit.  The Second Circuit definitively resolved the issue raised by the Objections in *Al-'Owhali v. United States*, 36 F.4th 461 (2d Cir. 2022).[1]  There, the Circuit held that "the concurrent sentence doctrine applies to a collateral

---

[1] This decision was issued nearly a week before the Objections were filed, but counsel failed to engage at all with its holding.

challenge to a conviction for which the sentence runs consecutively to one or more unchallenged life sentences. We have discretion to apply the doctrine when, as in this case, (1) the collateral challenge will have no effect on the time the prisoner must remain in custody and (2) the unreviewed conviction will not yield additional adverse collateral consequences." *Id.* In light of this ruling, the petitioners' objection—which is predicated on the argument that the concurrent sentence doctrine does not apply in the context of a consecutive sentence following a life term—has absolutely no merit.

Here, the petitioners have brought a collateral challenge to their convictions for use or possession of a firearm during and in furtherance of kidnapping, arguing that the conviction must be vacated in light of the Supreme Court's decision in *United States v. Davis*, 139 S.Ct. 2319 (2019). The petitioners' 25 year sentence for that crime runs consecutively to their multiple life sentences for murder and racketeering. Thus, their collateral challenge to that crime will have no effect on the time that they must remain in custody—they will be in prison for life regardless. The petitioners have not objected to this conclusion of the R&R. The Court need only review this conclusion for clear error, but it is obviously correct even when considered using the *de novo* standard of review. The Court adopts the reasoning and conclusion of the R&R with respect to this issue.

The petitioners have not objected to the R&R's conclusion that they do not face other collateral consequences from the challenged convictions. Therefore, the Court need only review that conclusion for clear error. There is none. Again, even applying a *de novo* standard of review, Judge Gorenstein's application of the factors set out in *United States v. Vargas*, 615 F.2d 952 (2d Cir. 1980), to gauge the collateral consequences of the Krasniqis' firearms conviction is correct. As the R&R lays out, the petitioners are serving life sentences, without the possibility of parole, and their "other convictions, which, as noted, include two murders committed in aid of racketeering, also render it unlikely that the Krasniqis will face a heightened societal stigma specifically as a result of

their convictions under section 924(c)." R&R at 14.  The Court adopts the reasoning and

conclusion of the R&R with respect to this issue in full.  Accordingly, the petitioners' claim for

habeas relief with respect to their convictions under 18 U.S.C. § 924(c) is denied.

### b.  Ineffective Assistance of Counsel Claim

Judge Gorenstein properly evaluated the Krasniqis' claim for ineffective assistance of

counsel.  28 U.S.C. § 2244(b)(4) requires that the district court "dismiss any claim presented in a

second or successive application that the court of appeals has authorized to be filed unless the

applicant shows that the claim satisfies the requirements of this section."  As a result, before

evaluating the merits of the claims presented, the district court is presented with the "preliminary

task of determining whether the claims in Petitioner's § 2254 motion . . . satisfy the threshold

requirements governing successive § 2255 motions, including those set forth in 28 U.S.C. §§ 2244(a),

2244(b)(3)-(4), and 2255(h)." *Campbell v. United States*, No. 16-2017, 2021 WL 2644465, at *1 (2d Cir.

Apr. 26, 2021).  As relevant here, a successive § 2255 motion is only permissible if it contains a claim

that relies on either "(1) newly discovered evidence that, if proven and viewed in light of the

evidence as a whole, would be sufficient to establish by clear and convincing evidence that no

reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of

constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was

previously unavailable." 28 U.S.C. § 2255(h).  Judge Gorenstein' careful analysis in the R&R did just

what the statute requires:  he evaluated whether the claims raised in the petition were appropriately

presented in the Krasniqis' successive habeas petition before reaching the merits.

By impugning Judge Gorenstein's conclusions because he focused on these threshold issues

before considering the merits of their claims, the Krasniqis' second objection to the R&R

completely ignores these fundamental legal principles.  The Krasniqis object to the R&R's

recommendation regarding their ineffective assistance of counsel claim because Judge Gorenstein

reached his conclusion "relying almost on procedural gatekeeping principles . . . ." Objections at 10.

They argue that "the Report and Recommendation spent virtually no time discussing the

considerations raised by Petitioners, and held simply that the issue could not satisfy the requirements

for an issue to prevail on a 2255 petition." *Id.* When viewed against the backdrop of the governing

law, however, the limitations of this objection are clear. The statute required that Judge Gorenstein

focus first on what the Krasniqis describe as "procedural gatekeeping principles" before addressing

the merits of their claims. This was not a flaw in the Judge Gorenstein's analysis. To the contrary,

by focusing first on an assessment of whether the claims met the threshold requirements for a

second or successive petition, Judge Gorenstein followed the mandate both of the statute and the

court of appeals.

The Krasniqis do not object to Judge Gorenstein's determination that their ineffective

assistance of counsel claim did not rely on "a new rule of constitutional law, made retroactive to

cases on collateral review by the Supreme Court, that was previously unavailable." *See* 28 U.S.C.

§ 2252(h)(2). Thus, the Court has reviewed that portion of the R&R's analysis for clear error and

finds none. The Court would reach the same conclusion applying a *de novo* standard of review. The

Court adopts the conclusion that the ineffective assistance of counsel claim does not rest on such a

new rule of constitutional law, as required by 28 U.S.C. § 2252(h)(2).

The Krasniqis present what could generously be viewed as an objection to the conclusion by

Judge Gorenstein that they had not demonstrated that their ineffective assistance of counsel claim

rested on "newly discovered evidence" of the type required by 28 U.S.C. § 2252(h)(1). In the R&R,

Judge Gorenstein noted that the Krasniqis' argument regarding the effect of the declaration of

Bruno Krasniqi's former counsel, Mr. Scharg, was unclear—particularly as to whether the Krasniqis

were "attempting to argue that this affidavit constitutes 'newly discovered evidence . . . .'" R&R at

16 (quoting 28 U.S.C. § 2252(h)(1)). But Judge Gorenstein concluded that such an argument would

5

fail "because, among other reasons, the Krasniqis have not shown that the affidavit could not have

been obtained earlier." R&R at 16. In reaching that conclusion, Judge Gorenstein pointed to the

Second Circuit's holding in *Mata v. United States*, in which the court held that "Section 2255(h)(1) . . .

obliges a defendant to identify what the new evidence is and to show 'that he could not have

discovered this information through the exercise of due diligence prior to the filing of his first

§ 2255 motion.'" 969 F.3d 91, 94 (2d Cir. 2020) (*quoting Herrera-Gomez v. United States*, 755 F.3d 142,

148 (2d Cir. 2014)). Judge Gorenstein correctly concluded that even if the affidavit, which

recounted events from before closing arguments in the Krasniqis' trial constituted "new" evidence,

the Krasniqis failed to present any information to explain why the information could not have been

discovered earlier.

   In their Objections, the Krasniqis do not point to a flaw in this reasoning. Instead, they

argue that the Judge Gorenstein should have granted their request for a hearing, which they state

they requested "for the very purpose of expanding on the factual circumstances surrounding prior

counsel's ouster and how his declaration was ultimately obtained." Objections at 11. This objection

has no merit. The Krasniqis do not point to an error in Judge Gorenstein's legal analysis—in

particular, his conclusion that it was the Krasniqis' burden to show why the information could not

have been disclosed previously. They do not point to information satisfying that burden that they

had included in their petition that Judge Gorenstein had failed to consider. Nor do they even

present in the Objections evidence or an argument regarding the reasons why the information

contained in the declaration by Mr. Scharg could not have been obtained previously. Instead, the

petitioners complain that the Court should have ordered a hearing, which they had requested "for

the very purpose of expanding on the factual circumstances surrounding prior counsel's ouster and

how his declaration was ultimately obtained." Objections at 11.

Reviewing Judge Gorenstein's recommendations with respect to this issue *de novo*, the Court finds no error in Judge Gorenstein's analysis or conclusions and adopts them in full. The Krasniqis again do not recognize that the threshold issue for evaluation by the Court is whether their claim should be permitted to proceed in this second or successive petition. It is the petitioners' burden to show among other things that there is new evidence and that the evidence could not have been obtained previously. *Mata*, 969 F.3d at 94. As Judge Gorenstein rightly concluded, the Krasniqis have not presented sufficient information in their counseled petition to meet their burden to show that the evidence presented could not have been obtained previously. Since they have not met the threshold requirements to pursue this claim in a second or successive petition, they are not entitled to an evidentiary hearing on the merits of their claim.

Moreover, the Court is skeptical that the Krasniqis ever could present sufficient information to meet their burden to show that this claim is based on "new evidence" given the basis for their claim for ineffective assistance of counsel, namely their assertion that they were "deprived of their right to autonomy with respect to their defense." Memorandum of Law in Support of Motion to Vacate Convictions, Dkt. No. 540 (the "Petition") at 30. The Krasniqis argue that their defense counsel pursued a "defense theory" that was contrary to their express wishes. Petition at 31. They support this argument with the declaration of Mr. Scharg, Bruno Krasniqi's former counsel, who explains the circumstances that led him to withdraw as counsel for Mr. Krasniqi so that he could testify in Mr. Krasniqi's defense at trial.

Fundamentally, the Krasniqis do not point to "new evidence." They must have known of their views regarding trial strategy at the time of trial; they saw the allegedly contrary path taken by their counsel at the time. This argument regarding ineffective assistances does not rest on new information, but rather information that must have been known to them from the moment that their counsel allegedly deviated from their expressed wishes at trial.

Similarly, while the petitioners only recently obtained a declaration from Mr. Scharg in support of their petition, the content of the declaration all relates to events known to Mr. Scharg that happened before their initial appeal and habeas petition—indeed, even before the close of their trial. The facts are recounted by Bruno Krasniqi's former counsel, who testified on Mr. Krasniqi's behalf at trial, not someone who is represented to have been a fugitive, unwilling or unavailable witness. Mr. Scharg's declaration outlines facts that were known to Mr. Krasniqi's counsel at the time of trial. Mr. Scharg describes actions that he took as Bruno Krasniqi's lawyer before he withdrew from the case, and that he conveyed to the Krasniqis' continuing counsel. It is perhaps, therefore, not surprising that the Krasniqis do not expressly argue that Mr. Scharg's declaration constitutes "new" evidence or that they could not have presented the information contained in it sooner—the declaration describes information known to defense counsel before the Krasniqi's trial ended.

In sum, as Judge Gorenstein correctly concluded in the R&R, the Krasniqis have not shown that their ineffective assistance of counsel claim meets the minimum threshold showing required under 28 U.S.C. § 2252(h). The claim is, therefore, dismissed.

c. **Claim as to Nexus Requirement for Obstruction of Justice Conviction**

The Krasniqis do not object to the R&R's recommendation that their claim based on an asserted "inadequate nexus with an official proceeding" be dismissed. R&R at 16-17. Therefore, the Court has reviewed the conclusions of the R&R with respect to that issue for clear error and finds none. Even under a *de novo* standard of review, the Court would adopt Judge Gorenstein's thoughtful analysis. The Krasniqis' claim rests on comments made by Judge Calabresi in his concurring opinion in *United States v. Pugh*, 945 F.3d 9, 28 (2d Cir. 2019). But Judge Calabresi's concurrence cannot be described as a "new decision of constitutional law made retroactive by the Supreme Court." As Judge Gorenstein wrote, "[e]ven putting aside the fact that this opinion was

not a majority opinion and was not issued by the Supreme Court, it also was not grounded in any constitutional rights." R&R at 17. The Court adopts the analysis and conclusions in the R&R with respect to this issue in full. The Krasniqis have not shown that this claim meets the minimum threshold showing required under 28 U.S.C. § 2252(h). It is, therefore, dismissed.

### d. Procedural Errors in Petitioners' Submissions

The Krasniqis should not have included the two claims in this petition that were not included in the application reviewed by the Second Circuit without prior leave. In the R&R, Judge Gorenstein concluded that the Second Circuit had not granted the petitioners the right to raise any claims in this petition other than their *Davis* claim. R&R at 8 ("we do not see a basis on which this Court would be authorized to grant relief as to any claim other than the <u>Davis</u> claim"). The Krasniqis did not object to this conclusion in the R&R—likely because Judge Gorenstein did not ultimately rely on his conclusion regarding the court's asserted lack of authority in order to reach his recommendation that the Court deny the petition. Following the recommendations presented by Judge Gorenstein, the Court has reviewed the claims presented in the petition and resolved them. However, a brief coda is warranted to explain why the Court adopts the commentary by Judge Gorenstein in the R&R regarding the Court's authority to grant relief with respect to the claims other than the *Davis* claim. Like Judge Gorenstein, the Court does not see a basis on which it would be authorized to grant relief here as to any claim other than the *Davis* claim.

This is the Krasniqis' second petition for habeas relief. Consequently, they submitted an application to the Second Circuit seeking leave to file a second or successive petition. Dkt. No 529 at ECF pp. 12-19 (the "Application"). The only claim described in the Application presented to the Second Circuit was based on the change in law effectuated by *United States v. Davis*, 139 S.Ct. 2319 (2019), which the petitioners described as a "new rule of constitutional law." Dkt. No. 529 at ECF p. 16. The Application contained no other claims for habeas relief.

In its mandate transferring the Krasniqis' petition to this Court, the Second Circuit wrote the

following:

> Petitioner moves for leave to file a successive 28 U.S.C. § 2255 motion, primarily
> based on *United States v. Davis*, 139 S. Ct. 2319 (2019). Petitioner argues that his 18
> U.S.C. § 924(c) conviction, predicated on kidnapping in violation of 18 U.S.C. §
> 1959(a)(1) and New York Penal Law § 135.20 (second-degree kidnapping), is no
> longer valid after *Davis*. Upon due consideration, it is hereby ORDERED that the
> stay previously entered by this Court is lifted, Petitioner's motion for leave to file a
> successive § 2255 motion is GRANTED, and this proceeding is TRANSFERRED
> to the district court. See 28 U.S.C. § 1631. Petitioner has made a prima facie
> showing that the proposed § 2255 motion satisfies the requirements of § 2255(h).
> *Bell v. United States*, 296 F.3d 127, 128 (2d Cir. 2002) (per curiam) (discussing prima
> facie standard); *see Negron v. United States*, 2d Cir. 16-2102, doc. 43 (6/12/2020 Order)
> (granting *Johnson/Davis*-based successive motion challenging § 924(c) conviction
> predicated on kidnapping under § 1959(1) and New York Penal Law § 135.25 (first-
> degree kidnapping), and discussing New York case law concerning kidnapping by
> deception); *Silverio v. United States*, 2d Cir. 16-2160, doc. 36 (6/12/2020 Order)
> (same).
>
> As a consequence of our order, the district court will have the preliminary task of
> determining whether the claim in Petitioner's § 2255 motion – as to which we have
> only concluded that a prima facie showing has been made – satisfies the threshold
> requirements governing successive § 2255 motions, including those set forth in 28
> U.S.C. §§ 2244(a), 2244(b)(3)-(4), and 2255(h). *See Massey v. United States*, 895 F.3d
> 248, 251 (2d Cir. 2018).
>
> For present purposes, we have not examined any other claims, or adopted any
> specific arguments, raised by Petitioner. *See United States v. Winestock*, 340 F.3d 200,
> 205 (4th Cir. 2003) ("The court of appeals must examine the [successive] application
> to determine whether it contains any claim that satisfies . . . § 2255[(h)]. If so, the
> court should authorize the prisoner to file the entire application in the district court,
> even if some of the claims in the application do not satisfy the applicable
> standards."), *abrogated on other grounds by United States v. McRae*, 793 F.3d 392, 401 (4th
> Cir. 2015).

Mandate, Dkt. No. 529 (the "Mandate").

The Krasniqis quoted this language in full in the Petition. Petition at 5. The Krasniqis

appear to have understood this mandate to provide them *carte blanche* for them to add claims to the

habeas petition that had not been presented to the court of appeals in the Application: without

further application to the Second Circuit or this Court, they included in their petition not only the

*Davis* claim presented in the Application, but also the other two claims discussed above. That

decision was not warranted by the governing statute or by the language of the Second Circuit's

mandate.  Instead, they were authorized to present to this Court the claims embodied in the

application presented to the Second Circuit.

Taking a step back, a prisoner may not file a "second or successive" habeas petition, unless

the prisoner satisfies the requirements of 28 U.S.C. § 2255(h).  That statute states the following:

> A second or successive motion must be certified as provided in section 2244 by a
> panel of the appropriate court of appeals to *contain*--
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a
> whole, would be sufficient to establish by clear and convincing evidence that no
> reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by
> the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h) (emphasis added).  The statute requires that an application be made to the court

of appeals "as provided in section 2244."

28 U.S.C. § 2244(b)(3)(A) states that "[b]efore a second or successive application permitted

by this section is filed in the district court, the applicant shall move in the appropriate court of

appeals for an order authorizing the district court to consider *the* application."  28 U.S.C.

§ 2244(b)(3)(A) (emphasis added).  The use of the definite article in the statute ("*the* application")

suggests that the order issued by the circuit authorizes the district court to consider a particular

application.  In context, "the application" must be the one that was presented to the circuit court for

certification.  "[F]or purposes of § 2244(b), an 'application' for habeas relief is a filing that *contains*

one or more 'claims.'"  *Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005) (emphasis added).  Thus, the

statute permits the court of appeals to authorize the district court to consider "the" filing *containing*

one or more claims.  The statutory text does not contemplate authorization to consider claims not

contained in "the" application passed upon by the court of appeals.

The court of appeals "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection." 28 U.S.C. § 2244(b)(3)(C). As the mandate issued by the court of appeals in this case makes clear, the circuit court can authorize the filing of a successive application before the district court if a prima facie showing is made by the petitioner with respect to any one of the claims presented in the application. So, if an application presented to the court of appeals contains multiple claims (A, B and C), the court of appeals need only determine that one of those claims meets the statutory standard.

Once the application has been certified, the district court must evaluate all of the claims presented in the application. The "district court shall dismiss any claim *presented in* a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section." 28 U.S.C. § 2244(b)(4) (emphasis added). So if the application contains claims A, B and C, and the court of appeals certifies the application because it has determined that a prima facie showing has been made with respect to claim A, the district court must also consider the other claims presented in the application—here, B and C. The mandate of the Second Circuit in this case reflects that basic rule. Mandate at 2 ("For present purposes, we have not examined any other claims, or adopted any specific arguments, raised by Petitioner. See *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) ('The court of appeals must examine the [successive] application to determine whether it contains any claim that satisfies . . . § 2255[(h)]. If so, the court should authorize the prisoner to file the entire application in the district court, even if some of the claims in the application do not satisfy the applicable standards.') . . . .").

Here, however, the application by the Krasniqis (and authorized for filing by the Second Circuit), did not contain all three of the claims that the Krasniqis included in their petition. It

contained only one.  The Court believes that in this situation, the Court could summarily dismiss the

claims that were not presented in the application and require the petitioner to submit a new

application for certification to the court of appeals containing those claims.  That conclusion rests

on the statutory text.  As described above, § 2244 authorizes the circuit court to order that the

district court consider "the" application presented to court of appeals.  28 U.S.C. § 2244(b)(3)(A).

The application is defined as a filing that "contains" claims, *Gonzalez*, 545 U.S. at 530, rather than a

filing that opens the door to unexpressed claims.  The statute directs the court of appeals to

"authorize the filing of an application" "if it determines that the application makes a prima facie

showing that the application satisfies the requirements of this section."  28 U.S.C. § 2244(b)(3)(C).

The statute does not state that the court of appeals can authorize the filing of any claims that might

be brought by a petitioner so long as the application presented to the court of appeals makes a prima

facie showing.  Rather, the statute permits the circuit court to authorize the district court to consider

"the" application—the filing with claims presented to the court of appeals.  28 U.S.C.

§ 2244(b)(3)(A).

The text of 28 U.S.C. § 2244(b)(4) underscores this limitation.  That provision states that "[a]

district court shall dismiss any claim presented in a second or successive application that the court of

appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements

of this section."  28 U.S.C. § 2244(b)(4).  The statute anticipates that the district court will respond

to claims "presented in" an application "that the court of appeals has authorized to be filed."  The

statute does not anticipate that a district court would review claims that were not "presented in" the

application authorized by the court of appeals to be filed.  As a result, the Court construes the

statute to limit the scope of claims as to which the district court can grant relief to those claims that were presented in the application reviewed, and certified, by the court of appeals.[2]

The Court recognizes that the Fourth Circuit reached a different conclusion in *United States v. MacDonald*, 641 F.3d 596 (4th Cir. 2011). That opinion incorporated by reference the conclusions of a district court opinion which did not engage with the text of the statute before reaching the conclusion that "AEDPA itself includes no bar to district court review of claims that did not appear in a request for certification that was granted." *Hazel v. United States*, 303 F. Supp. 2d 753, 758 (E.D. Va. 2004). *MacDonald* is not binding precedent in this circuit, and it does not present a persuasive interpretation of the statute. The language of the Second Circuit's mandate does not refer to *MacDonald*, but rather only to *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003), a Fourth Circuit decision that preceded *MacDonald* by eight years.

In this opinion, the Court is following the recommendations of the R&R and does not rest its decision on the conclusion that the Court does not have authority to consider or grant relief with respect to the additional claims presented to the district court that were not presented in the application authorized for filing by the Second Circuit. But for the reasons described above, the Court adopts the conclusion of the R&R that it is not apparent what authority the Court would have to grant relief with respect to the claims other than the petitioners' *Davis* claim.

---

[2] In *Tellier v. United States*, the court permitted a petitioner to include in his petition a claim that had not been presented to the circuit court in his application. *Tellier v. United States*, No. 20-CV-422 (AJN), 2021 WL 4556239, at *3 (S.D.N.Y. Oct. 5, 2021). *Tellier* contains an excellent overview of the statutory text and caselaw that requires district courts to consider claims included in an application that were not certified by the court of appeals, consistent with the Court's analysis here. However, the opinion does not explain how the statute or caselaw supports the proposition that a claim that was not included in the application can be authorized for review by a district court. The cases that *Tellier* cites do not stand for the proposition that such claims can be considered by the district court; they stand only for the proposition that uncertified claims contained in the application must also be reviewed by the district court. While the *Tellier* court considered a claim that was not included in the petitioner's application, it did not fully explain the rationale for its decision to do so. Moreover, the petitioner in *Tellier* did not contest that the claim failed to meet the requirements of § 2255(h). Thus, the decision to review the claim on the merits allowed the district court to deny the claim summarily on undisputed grounds.

14

**IV.    CONCLUSION**

For the foregoing reasons, the Court adopts Judge Gorenstein's thoughtful and well-reasoned report and recommendation in full.  The petition is dismissed.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).  The petitioners have not made a substantial showing of the denial of a constitutional right, so the Court denies a certificate of appealability under 28 U.S.C. § 2253.

The Clerk of Court is directed to enter judgment for respondent.  The Clerk of Court is further directed to terminate the motion pending at Dkt. No. 543 in 1:10-cr-464, to terminate all pending motions in 1:21-cv-1753, and to close that case.

SO ORDERED.

Dated:  July 8, 2022
New York, New York

_____
GREGORY H. WOODS
United States District Judge